IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIE M. BROWN

VS.                                                                          CIVIL ACTION NO. 2:11cv57-KS-MTP

BRENDA SIMS, ET AL

### ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause is before the Court on Plaintiff's Motion for Preliminary Injunction [3], Report and Recommendation filed by Magistrate Judge Michael T. Parker [34], and Objection thereto filed by Plaintiff [37]. The Court has considered the above documents and the pleadings on file and finds that the Report and Recommendation should be adopted and the motion [3] *denied*.

### FACTUAL BACKGROUND

Plaintiff Willie M. Brown, proceeding *pro se* and *in forma pauperis,* filed his complaint pursuant to 42 U.S.C. § 1983 on or about March 15, 2011. In his complaint and amended complaint, and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges that Defendants Brenda Sims, Ron King, Johnnie Denmark, Hubert Davis, and Ken North violated his privacy rights under the Fourth Amendment. Plaintiff also alleges a retaliation claim against Brenda Sims, and claims that Defendant Ken North failed to properly investigate the retaliation claim involving Captain Sims. *See* Scheduling and Case Management Order [33]. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Institution ("SMCI"), where he is currently incarcerated.

On March 15, 2011, Plaintiff filed a Motion for Preliminary Injunction [3]. In his Motion [3] and Supporting Memorandum [4], Plaintiff seeks an order restricting female officers from being present during strip-searches. In his complaint, Plaintiff alleges that on November 9, 2010, Captain Brenda Sims and other male and female officers conducted a shakedown of Plaintiff's unit and he was strip-searched in the presence of Captain Sims and other female officers. He claims Captain Sims had no reason to be present during the strip-searches. Captain Sims allegedly made several degrading comments about his nudity and the other officers laughed. As a result, Plaintiff felt embarrassed and humiliated. Plaintiff claims that this is an ongoing practice at SMCI and causes him and other inmates embarrassment and humiliation.

The court heard arguments on the Motion [3] from Plaintiff and Defendants during the *Spears* hearing. Plaintiff claims that there is a "reasonable" likelihood that he will succeed on the merits and that failure to grant the injunction will result in irreparable injury because he will continue to suffer humiliation and embarrassment. *See* Memo [4] at 2. He further claims that the threatened injury outweighs any damage that the injunction will cause to the adverse party, the injunction will not have an adverse effect on the public interest, and that any remedy at law is inadequate.

Defendants claim Plaintiff is not entitled to injunctive relief because he has failed to demonstrate the four elements discussed below.

## ANALYSIS

In this Objection Plaintiff restates his ground for the preliminary injunction. The main thrust of his argument is that it is a violation of his Fourth Amendment rights to be subjected to a strip search in front of female officers. He admits that he has been

moved to another building. The Court has reviewed the analysis of the motion by Magistrate Judge Parker and finds that the weighing of the before factors used to determine whether there a preliminary injunction is called for and finds that his analysis is correct.

## CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Brown's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the Motion for Preliminary Injunction [3] be and the same is hereby *overruled.*

SO ORDERED this, the 2nd  day of September 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE