IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIE M. BROWN                                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:11cv57-KS-MTP

BRENDA SIMS, et al.                                                             DEFENDANTS

**ORDER**

THIS MATTER is before the court on upon receipt of certain restricted policies submitted by the Defendants for in camera review pursuant to the court's Scheduling and Case Management Order [33].[1]

Having reviewed the policies *in camera*, the court finds that production of the restricted policies ("Control of Contraband/Body Searches - Offenders," SOP No. 16-07-01 and "Correctional Officer Assignments," Policy No. 16-03) is not necessary for the prosecution of Plaintiff's claims. Plaintiff does not allege that the Defendants' written policies are unconstitutional; rather, he asks for the proper policies to be enforced. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation).

Moreover, the policies have been identified as a "restricted" by the MDOC, and jail officials are entitled to wide deference in matters regarding prison security. *See Green v. Polunsky*, 229 F.3d 486, 489 (5th Cir. 2000) ("When reviewing the policies of prison officials, we do so with deference, keeping firmly in mind the difficult task before them in fulfilling valid

---

[1] The court directed Defendants to produce to Plaintiff any Mississippi Department of Corrections ("MDOC") policies and procedures regarding strip-searches, inmate privacy, and sexual harassment. The Defendants objected on the basis that some of the policies are "restricted." Defendants were directed to produce all responsive unrestricted policies to Plaintiff and to submit any responsive "restricted" policies to the court for *in camera* review.

penological interests-including deterrence of crime, rehabilitation of prisoners, and institutional security.") (internal citations and quotations omitted).  Accordingly, Defendants need not produce the restricted policies to Plaintiff.  However, to the extent Defendants intend to rely on such policies in their defense of Plaintiff's claims, the policies shall be produced.   Accordingly,

    IT IS, THEREFORE, ORDERED:

That Defendants need not produce the restricted policies to Plaintiff unless they intend to rely on such policies in their defense of Plaintiff's claims.

    SO ORDERED and ADJUDGED this the 9th day of September, 2011.

                              s/ Michael T. Parker
                              United States Magistrate Judge