IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIE M. BROWN                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO.: 2:11cv57-KS-MTP

BRENDA SIMS, ET AL.                                               DEFENDANTS

**MEMORANDUM AND ORDER**

**Standard of Review**

This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, the Court must "draw inferences most favorable to the party opposing the motion and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712. There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported

1

motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

**Review of Report and Recommendation**

On June 21, 2012, United States Magistrate Judge Michael T. Parker entered a Report and Recommendation on the matter [49]. First, the Magistrate Judge found that Defendants Superintendent King, Warden Denmark, and Deputy Warden Davis cannot be liable for the actions of subordinates under a theory of vicarious liability since 42 U.S.C. § 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002). In relation to this claim against a government entity, the Magistrate Judge found that the Plaintiff failed to show an unconstitutional policy, custom, or practice of SMCI since a plaintiff must prove that a policy, custom, or practice of a local government entity is the "moving force" behind a constitutional violation to be entitled to relief. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Second, the Magistrate Judge found that the Plaintiff's privacy rights were not violated since deference is given to prison administrators because "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration." *Oliver*, 276 F.3d at 744. The Magistrate Judge also applied the four factors from *Turner*: (1) whether the regulation has a "valid, rational" connection to the governmental interest put forth to justify it; (2) whether the inmate has alternative methods for exercising the right in question; (3) the impact that accommodation would have on other inmates or prison staff; and (4) the existence of easy, rather than hard alternatives to the challenged regulation or policy. *Turner v. Safley*, 482 U.S. 78, 89-90

(1987). In regards to the first factor, affidavits provided by the Defendants showed that the presence of female guards at SMCI is required to maintain security, and their presence during strip searches is directly related to that security interest. More importantly, since females make up 67 percent of the staff at SMCI, female officers are deemed crucial to security interests. *See* Ex. B to Motion [43-2]. In regards to the second factor, strip searches are conducted in the presence of a supervisor, when possible, and Captain Sims is a supervisory level officer. *See* Exs. B-D to Motion [43-2][43-3][43-4]. In regards to the third and fourth factors, prohibiting female officers from ever being present during strip searches of male inmates would create an administrative burden and have a negative impact on public security and job availability for females in the area since more male officers would have to be hired to complete the tasks that females would no longer be able to complete. *See* Ex. to Motion [43-2].

After applying the four factors in *Turner*, the Magistrate Judge found further law to support that the Plaintiff's privacy right had not been violated. *See Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992) (holding that the presence of female guards during a strip search that took place during a lock-down following a food fight did not violate the prisoner's right to privacy); *see also Tasby v. Lynaugh*, 123 F. App'x 614, 615 (5th Cir. 2005) ("This court has held that strip searches carried out in nonsecluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional.") (citing *Letcher*, 968 F.2d at 510; *Elliott v. Lynn*, 38 F.3d 188, 190-92 (5th Cir. 1994); *Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002)); *Roden v. Sowders*, 84 F. App'x 611, 613 (6th Cir. 2003) (holding that dismissal of Plaintiff's privacy claim was proper since, even though he was strip searched in the presence of a female, the defendants had met their burden of establishing a reasonable penological interest of security

and order under the circumstances, and further stating that whether the defendant laughed and purposely humiliated the plaintiff was not a constitutional issue.)

Third, the Magistrate Judge found the allegations that Captain Sims laughed and purposefully humiliated the Plaintiff in regards to his nudity would not amount to a constitutional violation and were, therefore, irrelevant. *See supra Roden*, 84 F. App'x at 613. The affidavits provided by the Defendants show that these allegations are false. See Exs. A-D to Motion [43-1][43-2][43-3][43-4]. Although, even if these allegations were true, since the actions do not amount to a constitutional violation, they are irrelevant.

Fourth, the Magistrate Judge found that the Plaintiff's allegation that his filed grievance was not investigated properly did not give rise to a constitutional claim since there is no constitutional right to a grievance procedure and no liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d. 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042 at 21 (E.D. Tex. Sept. 28, 2007); *McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154 at 1-2 (S.D. Miss. March 6, 2007); *Hernandez v. Estelle*, 488 F.2d 1154, 1158 (5th Cir. 1986) (holding that actual failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation). Furthermore, since the Plaintiff is no longer housed at SMCI, his requests for injunctive relief for an order 1) requiring SMCI to follow the proper policies and procedures regarding strip searches and 2) requiring SMCI officers to conduct strip searches outside of the presence of female officers are moot.

Fifth, the Magistrate Judge found that the Plaintiff's allegation of retaliation by Captain Sims did not give rise to a constitutional violation and was, therefore, irrelevant. To prevail on a retaliation claim, the Plaintiff must show "(1) a specific constitutional right, (2) the defendant's

intent to retaliate against the prisoner for his . . . exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (holding that the plaintiff "must allege more than his personal belief that he is the victim of retaliation."). At the very least, a plaintiff must present either direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred" since mere conclusory allegations are insufficient. *Woods,* 60 F.3d at 1166. The affidavits provided by the Defendants show that these allegations are false. See Exs. A and C to Motion [43-1][43-3].

Furthermore, even if the retaliation allegation was true, the Magistrate Judge found it to be *de minimis*. "Some acts, though maybe motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." *Morris v. Powell*, 449 F.3d 682, 684-85 (5th Cir. 2006); *see also Marks v. Edwards*, Civil Action No. 3:11-cv-0114, 2011 WL 2559785 at 6 (W.D. La. Apr. 29, 2011) (holding that "yelling" was a *de minimis* retaliatory adverse act and did not amount to a constitutional violation). Therefore, even if this allegation was true, since Captain Sims' alleged actions would not amount to a constitutional violation, it is still irrelevant. Again, since the Plaintiff is no longer housed at SMCI, his requests for injunctive relief for an order 1) directing that either Captain Sims be stationed away from his housing unit or that he be moved away from her and 2) directing her not to retaliate against him are moot.

Sixth, the Magistrate Judge found that the Defendants' qualified immunity defense was irrelevant because "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d

90, 93 (5th Cir. 1993) (citation omitted); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Since the Magistrate Judge found that the Plaintiff's claims are not valid constitutional claims, he declined to address the issue of whether the Defendants are entitled to qualified immunity. The Magistrate Judge recommended that the Court grant the Defendants' Motion for Summary Judgment [43] and dismiss the Plaintiff's claims with prejudice.

On July 10, 2012, the Plaintiff filed his Objection to the Magistrate Judge's Report and Recommendations [50], albeit five (5) days after the deadline for objections. In the interest of caution and equity, this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the Plaintiff's objections, as required by 28 U.S.C. § 636(b)(1). However, there are no substantive objections for the Court to resolve, as the Plaintiff failed to address the legal issues raised by the Magistrate Judge's Report and Recommendations. Moreover, the Court declines to address the allegation against the Defendants of perjury raised by the Plaintiff in his Objection to Report and Recommendations [50] since even if his allegations are true and the affidavits provided by the Defendants are false, the claims still do not give rise to the level of a constitutional violation. Further, the Plaintiff failed to address the Magistrate Judge's conclusion that his factual assertions, even if true, did not give rise to any constitutional claims. Instead, the Plaintiff merely rephrased the same assertions made in prior pleadings.

**IT IS THEREFORE ORDERED** the Report and Recommendation of Magistrate Judge Michael T. Parker entered on June 21, 2012, be, and hereby is, adopted in whole pursuant to 28 U.S.C. § 636(b)(1) as the finding of this Court. Accordingly, for the reasons set forth in the Magistrate Judge's Report and Recommendation, it is

**ORDERED** that the Defendants' Motion for Summary Judgment [43] be, and hereby is, **GRANTED;** and the Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A separate judgment will be entered pursuant to Rule 58.

**SO ORDERED AND ADJUDGED** on this, the 24th day of July, 2012.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE